IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON,<br><br>    Plaintiff,<br><br>  v.<br><br>NINTH CIRCUIT COURT, et al.,<br><br>    Defendants. | No. C 14-03973 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

      On September 2, 2014, Plaintiff, who is currently confined at the Marin County Jail, filed a civil rights action in pro se under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff fails to allege either of the essential elements to state a § 1983 claim. In the "Statement of Claim" section, Plaintiff writes "Pro se," "Nolo contendere," "Pro per," followed by a list of unidentified numbers. (Compl. at 3.) Secondly, he names the "Ninth Circuit Court/En Banment California Law rules [*sic*]" as the defendant in the caption for this action, (id. at 1), while indicating "N/A" as defendants in the "Parties" section of the complaint, (id. at 2). Lastly, as the "Relief" he seeks, Plaintiff states, "Clemency - Penal Code 163," "Writ Granted - Penal Code 3075," "Expungement, Bill Lockery [*sic*]," and "Pardon and Give a Court date." (Id. at 3.) The Court notes that neither of the cited Penal Codes, i.e., 163 or 3075, assuming they are the California Penal Code, correlate to either "clemency" or the granting of a writ. This action cannot proceed without more information. Plaintiff shall be granted leave to amend to attempt to cure these deficiencies.

In amending his complaint, Plaintiff is advised that the Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007)

(citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see, e.g., AE v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Starr standard to pleading policy or custom for claims against local government entities); see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

If Plaintiff is attempting to challenge a state conviction, he is advised that "'[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As

a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  The opposite is not true, however:  A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, if upon reflection, Plaintiff finds that a federal habeas petition is the more proper avenue for his claims and the relief that he seeks, he must file a separate federal habeas action under 28 U.S.C. § 2254.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order, Case No. C 14-03973 EJD (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

///

///

///

The Clerk shall include two copies of the court's complaint and two copies of the court's form petition with a copy of this order to Plaintiff.

DATED:     12/10/2014

*EDWARD J. DAVILA*
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GERRAD LONZELL HERNDON,

        Plaintiff,

  v.

NINTH CIRCUIT COURT, et al.,

        Defendants.
                                           /

Case Number: CV14-03973 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   12/10/2014  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerrod Lonzell Herndon T-62827
Marin County Jail
13 Peter Behr Drive
San Rafael, CA 94903

Dated:   12/10/2014

                                     Richard W. Wieking, Clerk
                                     /s/ By: Elizabeth Garcia, Deputy Clerk