UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERROD LONZELL HERNDON,
    Plaintiff,

v.

NINTH CIRCUIT COURT OF APPEAL, et al.,
    Defendants.

Case No. 14-cv-03973-HSG (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

On September 2, 2014, plaintiff, who is currently incarcerated at the Marin County Jail, filed the above-titled civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to cure numerous problems. On December 16, 2014, plaintiff filed his first amended complaint ("FAC"). For the reasons that follow, the Court now DISMISSES the FAC with prejudice.

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3    the alleged violation was committed by a person acting under the color of state law. See West v.
4    Atkins, 487 U.S. 42, 48 (1988).

B.   Amended Complaint

Plaintiff's initial complaint was dismissed because it was incoherent, and as such did not comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.  As detailed in the order dismissing the complaint with leave to amend, plaintiff's allegations were incoherent. Consequently, the complaint was dismissed with leave to file an amended complaint that complies with the requirement of Rule 8(a)(2) that he set forth only a "short and plain statement" of his claim.

The amended complaint suffers from the same incoherence as the initial complaint. In the "Statement of Claim" section, plaintiff writes "Tyranny-Treason," "Perjury-Conspiracy," "Torture CIA," "CSI Tort Claim," "ATF-Negligence," and "FBI-Libel." FAC at 3. Further, as the relief he seeks, plaintiff writes: "I need money $1,000,000.00 check for pain and suffering," "50K=1 million peso translation," "legal martial-status quo infra," "reward-recovery in regards to arbitrarily sited in future run in w/ the law enforcement." FAC at 3-4. The FAC falls far short of the "short and plain statement" required by Rule 8(a)(2) and is impossible to understand. Consequently, the FAC will be dismissed. Further leave to amend will not be granted because it

would be futile: the order of dismissal with leave to amend identified the deficiencies in the original complaint and plaintiff was unable or unwilling to cure them in his amended complaint. There is no reason to believe that, with further leave to amend, he would be able to present a coherent statement of his claim(s).

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Court's December 10, 2014 Order, this action is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: February 20, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge